The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72034-7935
Dear Senator Baker:
I am writing in response to your request for an opinion on the following question:
 Would a law establishing the petition requirement for a `liquor-by-the-drink' election in a dry county at a 20% of the voters in the last gubernatorial election in any way jeopardize or create binding precedent that would jeopardize the current 38% of the registered electorate petition standard for a wet/dry election?
RESPONSE
I lack sufficient information to satisfactorily respond to this question. I cannot speculate regarding the effect of a hypothetical law, particularly without considering the actual language of the law as a whole and in relation to other laws on the same subject.
I assume that your reference to a "liquor-by-the-drink" election denotes procedures for holding an election on the question of authorizing "on-premises consumption" of alcoholic beverages.[1] I will note in this regard that currently the petition requirement is 15%. That is, under current law, qualified electors numbering 15% of the votes cast in the city in the last gubernatorial election (or in the county if the election is to be countywide) may petition for a referendum election for the purpose of determining whether the sale of alcoholic beverages for on premises consumption shall be authorized. See A.C.A. § 3-9-206(a)(1) and (2) (Supp. 2003).
The law contemplated by your question presumably would amend this percentage figure. Again, I cannot determine the effect of such an amendment in isolation. Of additional note in this regard is the fact that currently, such an election is held only in cities and counties in which the sale of alcoholic beverages is not prohibited by law. Arkansas Code Annotated § 3-9-201(f) (Repl. 1996) states:
 It is the intent and purpose of this subchapter to authorize the qualified electors of cities and counties in which the sale of alcoholic beverages is not prohibited by law to approve, by referendum election, the legal sale of alcoholic beverages for consumption on the premises of restaurants, hotels, and motels as defined herein. [Emphasis added.]
See also A.C.A. §§ 3-9-203(c)(1) and (2) (Repl. 1996) (purpose of election is to determine "whether the sale of alcoholic beverages for on-premises consumption shall be authorized in the portions of the city [or in all areas of the county] in which the sale of alcoholic beverages is not otherwise prohibited by law[;]") and 3-9-207(a) (Repl. 1996) (regarding the issuance of permits to hotels and restaurants "located in other than dry areas of the city or county. . . .")
You refer in your question to a petition for a liquor-by-the-drink election in a dry county. This would obviously depart significantly from current law, further contributing to my inability to satisfactorily address the question you have posed.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] "On premises consumption" means:
 . . . the sale of alcoholic beverages by the drink or in broken or unsealed containers for consumption on the premises where sold[.]
A.C.A. § 3-9-202(6) (Supp. 2003).